IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN NELSON, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:12-818-L** |
| § | |
| MICHAEL J. ASTRUE, § | |
| **Commissioner of Social Security** § | |
| **Administration**, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Nelson ("Plaintiff") filed this appeal on March 19, 2012, from the adverse decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Supplemental Security Income ("SSI") Under Titles II and XVI of the Social Security Act. Plaintiff requests that the Commissioner's denial of his claim be reversed and remanded for an award of benefits, or, in the alternative, for further administrative proceedings. The case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 30, 2013, recommending that the decision of the Commissioner be affirmed. On February 12, 2013, Plaintiff filed objections to the Report.

**I.    Applicable Standard of Review**

Judicial review of the Commissioner's denial of disability and SSI benefits is limited to whether the decision is supported by substantial evidence and whether the Commissioner followed the correct relevant legal standards in reaching his findings. *See* 42 U.S.C. § 405(g); *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991). In determining whether the Commissioner's decision is supported by substantial evidence, the court scrutinizes the record to determine if such evidence

is present. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir.1988). The court may not, however, reweigh the evidence in the record or substitute its judgment for that of the Commissioner. *Id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971) ("The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984); *Carrier*, 944 F.2d at 245. A finding of no substantial evidence is appropriate only when no credible evidentiary choices exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Under Federal Rule of Civil Procedure 72(b), applicable to dispositive motions, the district court reviews de novo "any part of the magistrate's disposition that has been properly objected to" and "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b)(3).

## II.     Plaintiff's Objections to the Magistrate's Report

Plaintiff asserts one objection to the Report, which is substantially similar to the argument made in his summary judgment motion. Plaintiff contends that the magistrate judge erred in finding that the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") is supported by substantial evidence. Plaintiff additionally argues the magistrate judge's reliance on *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987), in concluding that the evidence of record supports the ALJ's RFC finding is a misapplication of the *Adams* court's rationale. The court notes, however, that although the issue in *Adams* is not exactly identical to the issue in this case, the language borrowed from *Adams* by the magistrate judge applies equally to the present case. The magistrate judge quoted *Adams* for the proposition that the absence of objective factors in the record indicating

the existence of severe pain can justify the conclusions of an ALJ. Moreover, the magistrate judge did not rely solely or even substantially on *Adams* in concluding that the ALJ's RFC finding is supported by substantial evidence. After carefully considering Plaintiff's objection and conducting a de novo review of the magistrate judge's thorough and well-reasoned Report, the court agrees with the magistrate judge's determination that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. Therefore, the court **overrules** Plaintiff's objection.

### III. Conclusion

After an independent review of the pleadings, file, record, applicable law, and the magistrate judge's findings and conclusions, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendant's Amended Motion for Summary Judgment, **denies** Plaintiff's Motion for Summary Judgment, **affirms** the decision of the Commissioner, and **dismisses** this case **with prejudice**.

**It is so ordered** this 20th day of February, 2013.

_____
Sam A. Lindsay
United States District Judge